***E-FILED 12/18/07*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAULO ARANDA, | NO. C 06-04738 JW (RS) |
| Plaintiff, | **ORDER DENYING MOTION TO COMPEL** |
| v. | |
| NTH TELECOM, INC., et al., | |
| Defendants. | |

## I. INTRODUCTION

On August 15, 2007, the Court heard four separate discovery motions that, as noted in the order issued the same day, all arose from a dispute as to whether defendant Nth Telecom, Inc. ("NTI") had produced all "payroll records" related to plaintiff Paulo Aranda. Plaintiff Aranda has now filed an additional motion to compel, contending that NTI has still failed to produce all of those "payroll records." Pursuant to Civil Local Rule 7-1 (b), the Court finds this matter suitable for disposition without oral argument. For the reasons set forth below, the motion is denied.

1

## II. DISCUSSION

### A. Timeliness of motion

Aranda originally filed this motion on October 31, 2007, purporting to notice it for hearing on December 29, 2007, a Saturday.[1] One week later, apparently after having been advised by NTI that the notice was defective, Aranda re-noticed the motion for December 19, 2007, a Wednesday on which the Court hears law and motion matters.

NTI thereafter moved to have the motion taken off-calendar, based on the improper notice and on an alleged failure to engage in adequate meet and confer negotiations. The Court denied that motion, finding that the motion to compel had been re-noticed with the requisite 35 days notice and that NTI had not been prejudiced by the earlier incorrect notice. NTI now argues that the amended notice was filed more than seven court days after the discovery cut-off in this action and that the motion is therefore time-barred under Civil Local Rule 26-2.

Generally, the Court strictly enforces Rule 26-2 and will deny untimely motions to compel without considering the merits thereof. Under the particular circumstances here, however, the Court finds that the motion was timely filed on October 31, 2007; that Aranda was entitled to amend his notice of motion to correct what was obviously a mistake in the date of the hearing; and that the amended notice related back to the date of the original notice.[2]

### B. Further production

Aranda has not met his burden to show that NTI possesses, but has failed to produce, any further documents responsive to his requests In arguing the contrary, Aranda points to various portions of the deposition testimony of NTI's "payroll supervisor," Danielle Chen, in which she

---

[1] Although the notice set the hearing for December 19, 2007, the docket entry indicated it would be heard on January 2, 2008. Thus, although it appears that plaintiff may have noticed the motion for the 29th instead of the 19th merely by a one-digit typographical error, plaintiff's original intent is far from certain.

[2] The Court does *not* suggest that an amended notice will *always* relate back to an original notice to make a motion timely. Any number of circumstances can be envisioned that would warrant a different result. The conclusion of this order is based on, and limited to, the specific facts of this record.

2

described the procedures by which NTI processed payroll and the computer files involved in that process. Although Aranda has failed to establish the record with any clarity, it appears most likely that:

1. NTI at one point in time had, and most likely still has, any number of electronic data files in the format of Excel spreadsheets that include information that arguably could be characterized as pertaining to "payroll";

2. At the time of the prior motion to compel, NTI offered to produce data from those Excel files that related specifically to Aranda, but NTI did not concede that any of Aranda's then-existing discovery requests actually called for such information;

3. In response to the Court's order that adopted and enforced NTI's offer to produce such information (without ruling as to whether such information was within the scope of any written request), NTI produced a document that included all "payroll" information in its Excel files that specifically related to plaintiff Aranda.[3]

To the extent that Aranda is now suggesting that NTI should be required to produce *all* of its electronic Excel data files, he has not established that such wholesale production is warranted. Aranda was entitled to production of his *own* "payroll records" but he has not shown that NTI has failed to produce any documents that are responsive to his requests. Accordingly, Aranda's motion to compel is denied.

---

[3] Again, even though the record is not entirely clear, it appears that Silva created the document produced by NTI in response to the Court's prior order by "cutting and pasting" from files that included information regarding other NTI employees. Aranda seems to be arguing that it was somehow improper for NTI to "create" that document "for purpose of this litigation." The Court's order of August 15, 2007, however, expressly reflected NTI's offer that a responsive document might be "*generated*" – i.e that responsive documents did not then exist but be created though post-litigation access to computer information. Additionally, the August 15, 2007, order expressly limited Aranda's efforts to obtain information regarding other employees. Thus, Aranda's apparent complaint that NTI produced information from its electronic database only pertaining to Aranda is without merit.

### III. CONCLUSION

For the reasons set forth above, Aranda's motion to compel is denied.

IT IS SO ORDERED.

Dated: December 18, 2007

_____
RICHARD SEEBORG
United States Magistrate Judge

ORDER RE DISCOVERY MOTIONS
C 06-04738 JW (RS)

4

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Grant Andrew Carlson    gcarlson@go4law.com, sgoetz@go4law.com

Adam Wang    aqwang@dalbonandwang.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 12/1/8/07**                                      **Richard W. Wieking, Clerk**

                                                          **By:        Chambers        **

ORDER RE DISCOVERY MOTIONS
C 06-04738 JW (RS)

5