IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAULO ARANDA, | NO. C 06-04738 JW (RS) |
| Plaintiff, | **ORDER DENYING REQUEST FOR LEAVE TO SEEK RECONSIDERATION** |
| v. | |
| NTH CONNECT TELECOM, INC., et al., | |
| Defendant. | |

Pursuant to Civil Local Rule 7-9, plaintiff Paulo Aranda seeks leave to file a motion for reconsideration of the Court's order entered on December 18, 2007, denying his motion to compel. Rule 7-9 echoes case law as to when reconsideration is appropriate. It provides that a party may seek reconsideration if the party "specifically shows":

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

1

Here, Aranda relies exclusively on the "new" fact that on the same day as the Court issued its prior order, he serendipitously located one of his prior "pay stubs." Aranda previously testified that he had lost or failed to keep his pay stubs when he moved. Although any number of plausible explanations may exist as to why one or more pay stubs would turn up despite a prior inability to locate them, Aranda's failure to provide *any* factual detail as to the circumstances under which he found this paystub precludes a conclusion that he could not have, "through the excercise of reasonbable diligence" presented that evidence to the Court during the underlying motion proceedings.[1]

Additionally, even assuming the paystub could be considered "new" evidence, Aranda has not shown that it would lead to a different result, and therefore he has failed to show that it was *material*. Aranda argues the paystub demonstrates he was paid for working a certain number of days during that particular pay period. Aranda contends the paystub is therefore a "smoking gun," proving he was *not* paid based on a "pre-determined weekly fixed sum," as he contends the law requires.

Aranda appears to be suggesting that defendants' computer files do or should contain similar information for other pay periods. Defendants have declared, however, that: (1) they do not have copies of paycheck stubs, and (2) they have produced all information from their computer files that relates to Aranda. Defendants assert that if they are required to print out *all* of their computer files generally relating to "payroll" and then redact such information as does not relate to Aranda, he will end up with *exactly* the same information that has already been produced. Aranda has not established there is any reason to believe otherwise.

Under these circumstances, Aranda has failed to meet his burden to show that there is any new evidence suggesting defendants are withholding responsive documents in their possession, custody, or control.[2] Plaintiff may be entitled to use defendants' professed inability to provide

---

[1] Aranda's declaration states nothing of substance more than "[o]n December 17, 2007, I accidentally found one such pay stub . . . ."

[2] As noted in the two underlying orders, it is less than clear that any document request called for the specific information now in dispute. The Court ordered production of information from defendants' computer files largely based on defendants' voluntary offer to make that information

further information as he sees fit in the course of litigating this matter, but in light of defendants' express and unambiguous representations that they possess no responsive information not previously produced, there is no basis to reconsider the prior order and no basis to grant a motion to compel.

IT IS SO ORDERED.

Dated: January 7, 2008

_____
RICHARD SEEBORG
United States Magistrate Judge

---

available.
ORDER DENYING REQUEST FOR LEAVE TO SEEK RECONSIDERATION
C 06-04738 JW (RS)

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Grant Andrew Carlson    gcarlson@go4law.com, sgoetz@go4law.com

Adam Wang    aqwang@dalbonandwang.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 1/7/08**                              **Richard W. Wieking, Clerk**

                                             **By:** _____**Chambers**_____

ORDER DENYING REQUEST FOR LEAVE TO SEEK RECONSIDERATION
C 06-04738 JW (RS)