IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Paulo Aranda,<br><br>　　　　Plaintiff,<br>　v.<br><br>NTH Connect Telecom, Inc., et al.,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　／ | NO. C 06-04738 JW<br><br>**ORDER OVERRULING PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE SEEBORG'S ORDER DENYING MOTION TO COMPEL** |

　　　　Paulo Aranda ("Plaintiff") brings this action against Nth Connect Telecom, Inc. and Steven Chen (collectively, "Defendants") for violations of the Fair Labor Standards Act, 29 U.S. C. § 201. Plaintiff alleges that Defendants improperly classified him as an hourly employee and, therefore, unlawfully denied him overtime and other benefits. (See Docket Item No. 1.)

　　　　Presently before the Court is Plaintiff's objection to the Magistrate Judge's denial of his motion to compel production of certain documents.[1] Plaintiff sought discovery of any and all documents that contained information regarding Plaintiff's payroll records.[2] A dispute arose as to whether Defendants had produced all records in their possession. Plaintiff brought a motion to compel production. (See Docket Item No. 24.) Magistrate Judge Seeborg granted in part and denied

---

[1] (Plaintiff's Renewed Objection to Magistrate Judge Order Denying Motion to Compel Production of Plaintiff's Original Payroll Records, hereafter, "Objection," Docket Item No. 94.)

[2] (Declaration of Adam Wang in Support of Plaintiff' Renewed Objection to Order Denying Motion to Compel Production of Plaintiff's Original Payroll Records, hereafter, "Wang Decl.," Ex. 1, Docket Item No. 95.)

1 in part Plaintiff's motion. (See Docket Item No. 55.) Judge Seeborg ordered Defendants to turn over certain electronic data containing information regarding Plaintiff's pay records. Defendants produced a compilation of that data in the form of a spreadsheet. (Wang Decl., Ex. 2., hereafter, "Spreadsheet.")

Plaintiff brought a second motion to compel on the grounds that the Spreadsheet was a summary prepared for the litigation and not the original document. (See Docket Item No. 67.) Judge Seeborg denied Plaintiff's motion on the ground that there was no evidence suggesting Defendants had not produced all the responsive information in their possession. (See Docket Item No. 83.) Judge Seeborg stated that Plaintiff was not entitled to all of Defendants' payroll records since they contained private information of other employees. (Id.)

Plaintiff moved for reconsideration of the Judge Seeborg's order. (See Docket Item No. 86.) Plaintiff proffered as new evidence a pay stub of his from July 4, 2006. (See Docket Item No. 87.) Since the Spreadsheet contained no information past April 7, 2006, Plaintiff contended that the pay stub was "smoking gun" evidence that the Spreadsheet was incomplete.

Judge Seeborg denied Plaintiff's motion. (See Docket Item No. 93.) Judge Seeborg found that Plaintiff had failed to meet his burden of showing that he could not have produced the pay stub prior to the hearing on the motion "through the exercise of reasonable diligence." See Civ. L. R. 7-9. Further, Judge Seeborg credited Defendants' declaration that 1) they do not have copies of pay check stubs and 2) they have produced all information from their computer files that relate to Plaintiff, and 3) a redacted version of all their payroll records would yield exactly the same information contained in the Spreadsheet. Judge Seeborg concluded that Plaintiff had failed to produce new evidence suggesting Defendants were withholding responsive documents.

Plaintiff objects to Judge Seeborg's order on the grounds that he erred in concluding that 1) the original payroll document is not responsive to Plaintiff's discovery request, 2) that the Spreadsheet contained all the information in the document pertaining to Plaintiff, and 3) failing to order Defendants to produce a redacted version of the original document.

A district court may modify a magistrate judge's ruling on a non-dispositive matter, such as an order to compel discovery, if the order is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); <u>Bahn v. NME Hospitals, Inc.</u>, 929 F.2d 1404, 1414 (9th Cir. 1991). Pursuant to Civil Local Rule 72-2, the court may not grant a motion objecting to a Magistrate Judge's order without first giving the opposing party an opportunity to brief the matter. <u>See</u> Civ. L.R. 72-2.

Plaintiff's evidence that the Spreadsheet is not complete consists of his newly found pay stub and excerpts of Plaintiff's deposition of Defendants' payroll supervisor. (Objection at 3.) Plaintiff contends that during the deposition, the payroll supervisor did not unequivocally state she had copied every line pertaining to Plaintiff in the original document into the Spreadsheet. However, Judge Seeborg found that Defendants have stated repeatedly since then that all information in the document pertaining to Plaintiff was transferred to the Spreadsheet. (<u>See</u> Docket Item No. 83 and 93.) Judge Seeborg found these representations credible and found that a redacted version of the original document would not produce any additional information. Plaintiff's evidence does not refute these findings. Thus, Plaintiff has not shown that Judge Seeborg's denial was "clearly erroneous" or "contrary to law."

Accordingly, the Court OVERRULES Plaintiff's objection.

Dated: January 31, 2008

JAMES WARE
United States District Judge

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Adam Wang waqw@sbcglobal.net
Grant Andrew Carlson gcarlson@go4law.com


**Dated: January 31, 2008**  **Richard W. Wieking, Clerk**

**By:   /s/ JW Chambers**
      **Elizabeth Garcia**
      **Courtroom Deputy**